IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-92-0403 MMC |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO EXPUNGE** |
| v. | |
| MIGUEL BARRENECHEA, | |
| Defendant. / | |

Before the Court is defendant Miguel Barrenechea's "Motion to Expunge – Striking the Numbers 71 Through 76 from the Presentence Report," filed November 29, 2010. Having read and considered the motion, the Court rules as follows:

1. To the extent the motion is based on a theory that the sentencing judge erred by not striking paragraphs 71 through 76 from the Presentence Report, the motion is hereby DENIED. Because the sentencing judge denied a motion to strike such paragraphs during the course of the sentencing hearing,[1] such claim could have been raised on direct appeal and, consequently, may not be raised in a collateral challenge to the sentence. See United

---

[1] Defendant was sentenced on April 15, 1996 by the Honorable Thelton E. Henderson. (See Def.'s Mot. Ex. B.) As set forth in the Memorandum of Sentencing Hearing and Report of Statement of Reasons, defendant "denied the allegations of Paragraphs 71-76 of the [presentence report], and asked that the paragraphs be stricken," and Judge Henderson "denied the motion to strike, and advised counsel that [those paragraphs] would not be considered by the Court in imposing sentence." (See Def.'s Mot. Ex. D, at 1); see also Fed. R. Crim. P. 32(i)(3)(B).

States v. Schlesinger, 49 F.3d 483, 484-86 (9th Cir. 1995) (holding, where "sentencing court's response to [defendant's] objections was immediately evident at sentencing," claim that sentencing court "failed to resolve factual disputes at sentencing" could only be raised on direct appeal and not in collateral challenge to sentence).

  2. To the extent the motion is based on a theory that the Bureau of Prisons ("BOP") erred in the manner in which it has resolved defendant's Request for Administrative Remedy and/or any other administrative grievance(s) regarding material contained in his "central file" concerning the issues set forth in paragraphs 71 through 76 of the Presentence Report (see Def.'s Mot. Ex. E), the motion is hereby DENIED.  Even assuming, a district court has, under some circumstances, jurisdiction to review such determinations by the BOP, defendant's challenge cannot be made in the context of the instant criminal case, because the BOP's determination in no way affects the legality or length of defendant's sentence, but, rather, the conditions under which he is being confined.  See Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973) (holding civil suit is proper remedy for challenge to conditions of confinement); see also Sandin v. Conner, 515 U.S. 472, 478-80 (1995) (discussing circumstances under which challenged conditions may give rise to viable civil lawsuit); 42 U.S.C. § 1997e(a) (requiring exhaustion of administrative remedies prior to filing federal lawsuit challenging conditions of confinement).

  **IT IS SO ORDERED.**

Dated:  January 5, 2011

MAXINE M. CHESNEY
United States District Judge