IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-92-0403 MMC |
| Plaintiff, | [Ninth Circuit Case No. 11-15676] |
| v. | **ORDER DENYING DEFENDANT'S REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES** |
| MIGUEL BARRENECHEA, | |
| Defendant. | |

By order filed January 5, 2011, the Court denied defendant Miguel Barrenechea's "Motion to Expunge – Striking the Numbers 71 Through 76 from the Presentence Report," and, by order filed February 18, 2011, denied defendant's motion for reconsideration. Thereafter, on March 21, 2011, defendant filed a notice of appeal.

Before the Court is defendant's "Request to Proceed Without Prepayment of Filing Fees," filed March 21, 2011, by which request defendant seeks to leave to proceed in forma pauperis on appeal.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith," for purposes of § 1915(a)(3), exists where the appellant seeks "review of any issue not frivolous." See Coppedge v. United States, 369 U.S. 438, 445 (1962); see also id. at 448 (holding indigent criminal defendant "is to be heard, as is any appellant in a criminal case, if he makes a rational argument on the law or facts")

The Court's January 5, 2011 order addressed two issues raised by defendant in his motion to expunge, and found neither issue had merit.

First, the Court found defendant may not, in a collateral proceeding, challenge the Court's denial of his motion to strike certain paragraphs from a presentence report. See United States v. Schlesinger, 49 F.3d 483, 484-86 (9th Cir. 1995) (holding where sentencing court's "response to [defendant's] objections [to presetence report] was immediately evident at sentencing," claim sentencing court erred could only be raised on direct appeal). Any argument that such finding was erroneous is frivolous, for the reason such argument is plainly foreclosed by binding precedent, specifically, Schlesinger. See Pembrook v. Wilson, 370 F.2d 37, 39 (9th Cir. 1966 (holding application to proceed in forma pauperis is "frivolous on its face" where issue applicant seeks to raise would be foreclosed by binding precedent).

Second the Court found defendant may not, in the instant criminal case, challenge the Bureau of Prisons' resolution of defendant's administrative grievance(s), which resolution, according to defendant, negatively affected the conditions of his confinement. Any argument that such finding was erroneous is frivolous, because any challenge to the conditions of confinement must be made in an appropriate civil action. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973) (holding civil suit is proper remedy for challenge to conditions of confinement)

Accordingly, defendant's request to proceed in forma pauperis on appeal is hereby DENIED.

The Clerk is DIRECTED to send a copy of the instant order to the Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: March 31, 2011

MAXINE M. CHESNEY
United States District Judge