IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MIGUEL ANGEL BARRENECHEA,<br><br>  Defendant. | No. C- 92-0403 MMC<br><br>**ORDER DENYING DEFENDANT'S PETITION FOR REDUCTION OR MODIFICATION OF SENTENCE; DENYING DEFENDANT'S MOTION FOR REDUCTION** |

Before the Court is defendant Miguel Barrenechea's "Petition for Reduction or Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on Retroactive Application of Amendment 782 to Sentencing Guidelines," filed August 8, 2014, and defendant's "Motion under Title U.S.C. § 3582(c)(2) for Amendment 783 [sic], Two-Level Reduction,"[1] filed August 25, 2014. On September 26, 2014, the government filed opposition to both the petition and motion, on the ground said defendant was sentenced as a career offender and to the mandatory statutory minimum term. Defendant, in a response titled "Motion of Opposition of the Government Respond," filed November 28, 2014, has replied.

---

[1] By said motion, defendant appears to be seeking a reduction under Amendment 782, and not "Amendment 783," as Amendment 783 provides for "increased punishment for certain defendants involved in marihuana cultivation operations on state or federal land or while trespassing on tribal or private land." See Application Notes, Amendment 783, U.S.S.G. § 2D1.1(b).

On June 8, 2015, the Office of the Federal Public Defender filed a "Notice of Non-Intervention; Status Report," stating the Public Defender has nothing further to add to defendant's filings and is not seeking to intervene in the matter, and, on June 9, 2015, the United States Probation Office filed a "Sentence Reduction Investigation Report," recommending the requested reduction be denied, for the reason that defendant's Total Offense Level was determined pursuant to the Career Offender provisions found in U.S. Sentencing Commission Guideline § 4B1.1.

Having read and considered defendant's petition and motion, as well as all materials filed in response to the motion, the Court, for the reasons stated by the Probation Office and by the government, finds defendant is not entitled to a reduction in his sentence. See Application Notes, Amendment 782, U.S.S.G. § 1B1.10 ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."); see also United States v. Charles, 749 F.3d 767, 770 (9th Cir. 2014) (holding "retroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders").

Accordingly, defendant's petition and motion are hereby DENIED.

**IT IS SO ORDERED.**

Dated:  June 11, 2015

MAXINE M. CHESNEY
United States District Judge