IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL BARRENECHEA,<br><br>Defendant. | Case No. 92-cr-00403-MMC-3<br><br>**ORDER DISMISSING DEFENDANT BARRENECHEA'S JOHNSON MOTION; DIRECTING CLERK TO TRANSFER DEFENDANT'S MOTION TO COURT OF APPEALS** |

Before the Court is defendant Miguel Angel Barrenechea's ("Barrenechea") "Notice and Motion of Timely Johnson Retroactivity Claim" ("Johnson Motion"), filed October 17, 2016,[1] in which Barrenechea alleges a "Johnson retroactivity claim" and objects to "all unconstitutional vagueness with his conviction" under the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015). (See Motion, filed October 17, 2016, at 2). Also before the Court is a motion, filed September 30, 2016, by which

---

[1] Barrenechea contends his initial motion was filed on June 14, 2016. As of the date his Motion to Supplement was filed, no such motion had been received by the Clerk of Court. In light thereof, Barrenechea, by order filed October 5, 2016, was directed to submit, no later than October 21, 2016, a copy of the motion he states he filed in June, along with any documentation or other evidence demonstrating his delivery of such motion to prison authorities for mailing on or about June 14, 2016, or otherwise demonstrating its deposit in the mail at such time. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding notice of appeal is deemed filed "at the time the petitioner deliver[s] it to the prison authorities for forwarding to the court clerk"). Barrenechea thereafter submitted what he describes as a "copy" of the above-referenced Johnson Motion, accompanied by a cover letter dated October 12, 2016, in which he again states the original was filed on June 14, 2016, but provides no supporting documentation.

Barrenechea seeks leave to supplement the Johnson Motion ("Motion to Supplement"). The Court construes the Johnson Motion as a motion to vacate, set aside, or correct Barrenechea's sentence, brought pursuant to 28 U.S.C. § 2255. (See Johnson Motion, at 2 (citing 28 U.S.C. § 2255(f)(3)).)

Barrenechea has filed at least one prior motion under § 2255, which motion was denied. (See Order filed July 22, 2002.)[2] Under § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." See 28 U.S.C. § 2255(h); see also id. § 2244(b)(3) (providing, inter alia, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). If a defendant files a second or successive petition before having "receive[d] authorization from the Court of Appeals," the district court is "without jurisdiction to entertain it." See Burton v. Stewart, 549 U.S. 147, 153 (2007). Here, a review of the docket indicates the Ninth Circuit has not issued the requisite certification, and, consequently, this Court lacks jurisdiction to consider the Johnson Motion and Motion to Supplement.

Accordingly, the Johnson Motion and Motion to Supplement are hereby DENIED without prejudice to Barrenechea's refiling said motions in the event he receives certification from the Ninth Circuit.

In light of the above, the Clerk of Court is hereby DIRECTED to transfer to the Ninth Circuit Court of Appeals, for its consideration thereof, the above-referenced two motions. See 9th Cir. R. 22-3(a) (directing district court to refer "second or successive"

---

[2] In 2013, Barrenechea filed a motion under 18 U.S.C. § 3742(e), which the Court construed as a § 2255 motion and transferred to the Ninth Circuit for certification (see Order filed October 30, 2013), where the motion was denied (see Order filed February 2, 2015).

1  § 2255 motions to Court of Appeals).

3  **IT IS SO ORDERED.**

5  Dated: October 24, 2016

_____
MAXINE M. CHESNEY
United States District Judge