IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MIGUEL A. BARRENECHEA,<br>Defendant. | Case No. 92-cr-00403-MMC-3<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 2425, 2426 |

Before the Court is defendant Miguel A. Barrenechea's "Motion for Appointment of Counsel," received by the Clerk of Court on March 26, 2018, and deemed filed March 20, 2018,[1] and an additional submission in support thereof, received by the Clerk on March 29, 2018, and deemed filed March 23, 2018. Having read and considered defendant's filings, the Court rules as follows.

Defendant is presently serving a life term of imprisonment. In the instant motion, defendant seeks the appointment of counsel for purposes of filing a motion based on the Ninth Circuit's holding in Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015).

In Dimaya, the Ninth Circuit held the "residual clause" in 18 U.S.C. § 16(d), which clause defines the term "crime of violence," is "unconstitutionally vague," see id. at 1111-12, 1120, and, subsequent to the above-referenced filings, the Supreme Court affirmed, see Sessions v. Dimaya, 2018 WL 1800371 (Sup. Ct. April 17, 2018). Defendant fails, however, to show Dimaya has any applicability to either his conviction or sentence,

---

[1] As defendant is a prisoner proceeding pro se, his written submissions are "deemed filed" on the date he certifies he mailed them to the Court. See United States v. Winkles, 795 F.3d 1134, 1146 (9th Cir. 2015).

neither of which was based on the clause he seeks to challenge. Indeed, the Ninth Circuit has expressly ruled the statute defendant was found to have violated and the sentencing guidelines used to impose his sentence are not unconstitutionally vague. See Order, Barrenchea v. United States, Case No. 16-73596 (9th Cir. March 22, 2018).[2]

Accordingly, as any motion based on Dimaya would be futile, defendant's motion for appointment of counsel to file such motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 24, 2018

MAXINE M. CHESNEY
United States District Judge

---

[2] The Ninth Circuit's order was filed two days after plaintiff mailed the instant motion to this Court.

2